UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY E. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:13-cv-00684-F |
| | ) | |
| CATERPILLAR INC. | ) | **DEFENDANT'S PROPOSED** |
| | ) | **DISCOVERY PLAN** |
| Defendant. | ) | **(L.R. 26.1(e)(2))** |
| | ) | |

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 12, 2013 by telephone and was attended by:

    Anthony White for Plaintiff, representing himself; and

    John Murray for Defendant Caterpillar Inc.

    During the conference, the parties were unable to agree on a plan for discovery and Plaintiff, who is appearing *pro se* insisted the following day on filing his own separate proposed discovery plan, in which Defendant cannot concur. Accordingly, Defendant is hereby filing its separate proposed discovery plan as well.

2.  **Pre-Discovery Disclosures**. Defendant proposes that the parties be required to exchange by January 3, 2014, the information required by Fed. R. Civ. P. 26(a)(1).

3.  **Discovery Plan**. Defendant proposes to the court the following discovery plan:

    a)  Discovery will be needed on the following subjects: The parties require discovery regarding the factual basis for Plaintiff's claims and the factual basis for Defendant's defenses. The parties also require discovery regarding Plaintiff's claimed damages and his efforts to mitigate those damages.

    b)  Disclosure or discovery of electronically stored information should be handled as follows: The parties will adhere to the obligations and requirements established by the Federal Rules of Civil Procedure and Local Rules of this Court, should the need arise to seek discovery of electronically stored information.

    c)  The parties have not agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production. Defendant anticipates the need for a protective order to limit the use and disclosure of confidential and proprietary information and documents. Defendant proposes that the parties should agree on a joint protective order and submit the order for the Court's approval if an when the need becomes clear.

d) Defendant proposes that all discovery should be commenced in time to be completed on or before April 30, 2014.

e) Defendant proposes that the parties serve no more than twenty-five (25) interrogatories, including parts and subparts, without leave of Court, and that the responding party should have thirty (30) days from the date of service to respond.

f) Defendant proposes that the parties serve no more than twenty-five (25) requests for admission, without leave of Court, and that the responding party should have thirty (30) days from the date of service to respond.

g) Defendant proposes that the each party be limited to five (5) depositions, absent leave of Court.

h) Defendant proposes that depositions should not exceed seven (7) hours in length per deposition, absent leave of Court.

i) Defendant proposes that Reports from retained experts under Rule 26(a)(2) should be due from Plaintiff by January 31, 2014, and from Defendant by February 28, 2014.

j) Defendant proposes that any supplementations under Rule 26(e) should be made on or before April 15, 2014.

4. **Other Items.**

a) Defendant requests a conference with the court before the entry of the scheduling order, and further suggests that the combining of such a conference with a scheduling conference would be helpful.

b) Defendant requests that a pretrial conference be set 30 days before trial.

c) Defendant proposes that Plaintiff should have until February 4, 2014 to amend pleadings or to join parties.

d) Defendant proposes that Defendant should have until March 4, 2014 to amend pleadings or to join parties.

e) Defendant proposes that the parties should have until May 30, 2014 to file dispositive motions.

f) Defendant is making good faith attempts to settle this matter and intends to hold additional settlement conferences throughout the course of discovery.

g) Defendant believes that settlement may be enhanced by use of the following alternative dispute resolution procedure: Defendant proposes that the Court set an early settlement conference with the Court or a magistrate judge to assist in potential settlement.

h)      Defendant proposes that the parties should have until 45 days before trial to submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists.

i)      Defendant proposes that the parties should have until 15 days before trial to file objections under Rule 26(a)(3).

j)      Defendant proposes that the trial date should be set on or after September 30, 2014.  Defendant believes that trial is likely to last three (3) to five (5) days.

Respectfully submitted this 13th day of December, 2013.

CATERPILLAR LOGISTICS, INC.

By s/ John T. Murray
        John T. Murray
        Georgia Bar No. 503692
        jmurray@seyfarth.com
        SEYFARTH SHAW LLP
        1075 Peachtree Street, N.E.
        Suite 2500
        Atlanta, Georgia 30309-3962
        Telephone: (404) 885-1500
        Facsimile: (404) 892-7056

        s/ John I. Mabe
        John I. Mabe
        N.C. State Bar No. 9355
        Nexsen Pruet, PLLC
        4141 Parklake Avenue
        Suite 200
        Raleigh, North Carolina  27612
        Telephone:  (919) 653-7819
        Facsimile:  (919) 653-0435
        Email:  jmabe@nexsenpruet.com

        Local Civil Rule 83.1 Counsel

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

ANTHONY E. WHITE, )
)
      Plaintiff, )
)
v. )   Case No. 5:13-cv-00684-F
)
CATERPILLAR INC. )
)
      Defendant. )

## <u>CERTIFICATE OF SERVICE</u>

    I certify that on December 13, 2013, I served a true and correct copy of *DEFENDANT'S PROPOSED DISCOVERY PLAN (L.R. 26.1(e)(2))* via first class U.S. mail, with adequate postage prepaid, addressed as follows:

> Anthony E. White, *pro se Plaintiff*
> 103 Rock River Road
> Morrisville, North Carolina  27560

> /s/ John I. Mabe_____
> Counsel for Defendant

16570189v.1