UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY E. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:13-cv-00684-F |
| | ) |
| CATERPILLAR INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND IN SUPPORT OF ITS OWN MOTION TO SET OR EXTEND TIME FOR RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Caterpillar Logistics Inc. (CLI) respectfully submits the following Memorandum In Opposition to Plaintiff's Motion for Entry of Default Judgment and in support of its Cross-Motion to Set January 14, 2014 as the Time for Response to Plaintiff's First Amended Complaint or to Extend the Time for Response to that Date.

### INTRODUCTION

Plaintiff, representing himself, initiated this case on September 30, 2013, by filing a Motion for Leave to Proceed *in Forma Pauperis*, along with a proposed complaint. (Docket No. 1). On October 7, the Court entered an Order granting Plaintiff's Motion, directing the Clerk to file the Complaint, and instructing the U.S. Marshal to serve the Summons and a copy of the Complaint on Defendant. (Docket No. 3). Accordingly, the Complaint was filed on October 7, 2013 (Docket No. 4) and the Marshal served Caterpillar Inc. by mail on October 18, 2013. (Docket No. 10).

On November 12, 2013, CLI timely appeared by counsel and filed its Answer to the Complaint, noting that it had been incorrectly identified in the Complaint as Caterpillar Inc. (its

parent corporation). (Docket No. 11).[1] Plaintiff then filed a document entitled "Motion to Proceed and Response" on November 25, 2013. [Docket No. 13]. That pleading consisted of two subparts: a request to substitute CLI as a party defendant, and a response to the answer filed on behalf of the Defendant. Nothing in the pleading appeared to be an amendment of the complaint as a matter of right.[2] Accordingly, CLI did not understand the document to be one to which a response was required.

The "Motion to Proceed and Response" was referred to the Court for ruling, and on December 31, 2013, the Court ordered that the original Complaint be deemed amended by the additional allegations contained in a series of paragraphs responding to Defendant's answering paragraphs and that "[t]he operative complaint in this case will consist of Plaintiff's original complaint [DE-1], as amended by the Plaintiff's motion to amend at docket entry 16." (Docket No. 21). In the same Order, the Court stated that "Defendant should still file a responsive pleading to docket entry 16, though the court recognizes it may be substantially similar to the Answer filed on November 12, 2013 [DE-11]." Later the same day, the Court entered an Amended order which was identical in all substantive respects but corrected the docket references to "Plaintiff's Motion to Proceed and Response" from docket entry 16 to docket entry 13. (Docket No. 22).

On January 3, 2014, three days after the entry of the Court's Order deeming Plaintiff's "Motion to Proceed and Response" a motion to amend the Complaint and instructing CLI to file a new answer to the complaint as effectively amended, Plaintiff filed a Motion for Default

---

[1] The Complaint named Caterpillar, Inc. (with a comma after "Caterpillar") as the Defendant. However, as noted in CLI's Answer, CLI was actually Plaintiff's employer. Also, the correct name of CLI's parent corporation is actually Caterpillar Inc. (with no comma).

[2] Defendant acknowledges that the Clerk of Court forwarded the pleading to counsel with a notation that the pleading was a motion to amend the complaint. Defendant nevertheless read the document as meaning only that plaintiff sought to add Caterpillar Logistics Inc. as a defendant. However, to date, process has not issued to Caterpillar Logistics Inc. Moreover, Caterpillar Logistics Inc. had already answered the original Complaint as if it had been pleaded against Caterpillar Logistics Inc.

Judgment [Docket No. 24], arguing that default was required on the grounds that no response to the Motion to Proceed was served within twenty-one (21) days after the November 25, 2013 filing of that document.

## ARGUMENT

### A. Plaintiff's Motion for Default Judgment is Improper and Must be Denied.

The Plaintiff's Motion for Judgment by Default must be denied. As explained above, CLI did not interpret Plaintiff's incorrectly captioned motion to be an Amended Complaint that required a response. Instead, Plaintiff's Motion appeared to be a reply to CLI's Answer, which is not a pleading contemplated under the Federal Rules. It was not until the Court entered its Order and Amended Order on December 31, 2013, that CLI even understood the document to be a motion to amend the allegations contained in the original complaint. And until that motion was granted, there was no amended complaint to which an answer was required.

Even if the Court should find that Defendant did not timely respond to the pleading the Court has since deemed to be, in effect, an Amendment to the Complaint, Plaintiff's Motion for Default should still be denied. "It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly." *Panhandle Cleaning & Restoration, Inc. v. Vannest*, No. 5:11cv178, 2012 U.S. Dist. LEXIS 54107, at *4 (N.D. W. Va. Apr. 18, 2012) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom.") "Default should not be entered under Rule 55(a)" where, as here, "a party has shown an intention to actively defend against the suit." *Panhandle Cleaning*, 2012 U.S. Dist. LEXIS 54107, at *6 (internal citations omitted). Rather, a "strong public policy favors resolving disputes on the merits and not be default judgment." *Id.* As Defendant has provided ample explanation for its failure to respond within 14 days to Plaintiff's

Motion to Proceed and Response, as well as continued to vigorously participate in the defense of this action, the Court must deny Plaintiff's Motion for Default.[3]

**B. Defendant is Entitled to Clarification of the Court's December 31, 2013 Order Insofar as the Answer Date is Ambiguous, or in the Alternative the Court Should Enlarge the Time to Permit Defendant to File Its Responsive Pleading on or Before January 14, 2014**

Pursuant to Rule 15(a)(3), an answer to an amended pleading must be made "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Ordinarily, When a complaint is amended as of right, the plaintiff will file the new pleading captioned as an amended complaint. The caption alerts the defendant that a new responsive pleading is required within 14 days. In this case, however, Plaintiff captioned his November 25, 2013 submission as a "Motion to Proceed and Response." It was apparently for this reason that the Court construed the filing not as an amended complaint, but as a "motion to amend."

Generally, an order allowing a motion to amend a pleading would direct that the amended pleading be filed and served, which would begin the running of the 14-day period for service of a responsive pleading. In this instance, however, the Court decided that it would "not require Plaintiff to file a new amended complaint" and instead directed that CLI should file an answer to the original Complaint as amended by the additional allegations contained in the Motion to Proceed.

Under these circumstances, CLI interprets the rules as permitting a responsive pleading within 14 days from the date of the Court's order allowing the amendment, since the Court has excused the Plaintiff from incorporating the new pleadings into the Complaint and filing and serving an Amended Complaint. CLI therefore requests that an order be entered setting January

---

[3] It is also unclear under which Federal Rule Plaintiff seeks default, as he cites to Rule 55(a)(b)(1)(2), which is not an identifiable Rule.

14, 2014 as the time within which the Defendant may file a responsive pleading to the Motion to Proceed and the resulting amendment of the Complaint as allowed by Order entered December 31, 2013 [Docket No. 22].

In the alternative, in the event that CLI's failure to file a responsive pleading in response to the Motion to Proceed is taken to constitute a default in answering a live pleading asserting new claims against the Defendant, then Defendant moves this Court for an order extending to January 14, 2014 the time within which an answer or other responsive pleading to the Motion to Proceed may be served. Good cause exists for the motion to extend time, for the reasons that the pleading filed by Plaintiff on November 25, 2013 was not designated by the Plaintiff or understood by CLI as an amended complaint or even as a motion to amend the Complaint; and no process issued to CLI.

The Motion to Proceed appears to be a motion to designate CLI as the proper defendant in this action and to assert the claims of the Complaint against CLI. The original Answer states that CLI would be the proper party defendant. So the opening paragraph of the Motion to Proceed was justifiably taken by the Defendant as a request that this Court allow the matter to proceed as against CLI. To this, CLI has never objected.

The balance of the Motion to Proceed appeared only to be a reply to CLI's Answer to the original Complaint and was not understood by CLI to constitute an amendment of the Complaint.

Furthermore, the Plaintiff's reference to Rule 15 in the Motion to Proceed refers only to Rule 15(c)(1)(B), which sets forth circumstance in which a pleading may be deemed to relate back to the original Complaint. Again, this appears only to request that the Court allow the original Complaint to be taken as a pleading asserting claims against CLI, and not the originally named Defendant, Caterpillar Inc.

WHEREFORE, CLI respectfully requests that the Court enter an order denying Plaintiff's Motion for Default and setting January 14, 2014 as the time within which Defendant may file an answer or other responsive pleading to the Amended Complaint or, in the alternative, that the Court extend the time for the filing of a response to the Motion to Proceed to and including January 14, 2014.

This the 13th day of January, 2014.

By /s/ John T. Murray
John T. Murray
Georgia Bar No. 531998
Email: jmurray@seyfarth.com
Christina F. Meddin
Georgia Bar No. 135969
Email: cmeddin@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

By: /s/ John I. Mabe
John I. Mabe
N.C. State Bar No. 9355
Email: jmabe@nexsenpruet.com
Nexsen Pruet, PLLC
4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 653-7819
Facsimile: (919) 653-0435

Local Civil Rule 83.1 Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY E. WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:13-cv-00684-F ) |
| CATERPILLAR INC. | ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

I certify that on January 13, 2014, I served a true and correct copy of the attached Brief via first class U.S. mail, with adequate postage prepaid, addressed as follows:

    Anthony E. White, *pro se Plaintiff*
    103 Rock River Road
    Morrisville, North Carolina 27560

                                            /s/ John I. Mabe
                                            Counsel for Defendant