UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY E. WHITE, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 5:13-cv-00684-F |
| | ) | |
| v. | ) | |
| | ) | |
| CATERPILLAR LOGISTICS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REVISED MOTION TO ENTER AND GRANT JUDGMENT BY DEFAULT RULE 55**

Defendant Caterpillar Logistics Inc. ("CLI" or "Defendant"), by its attorneys, hereby submits this Response in Opposition to "Plaintiff's Revised Motion to Enter and Grant Judgment by Default Rule 55."

**INTRODUCTION**

This is the fourth motion Plaintiff Anthony White has filed for entry of a default judgment in this case. The Court has denied three motions directed to the purported untimeliness of CLI's answer to Plaintiff's Amended Complaint. In this fourth motion for default, Plaintiff now alleges that Defendant failed to timely file an Answer to his original Complaint, which is no longer the operative complaint in this action. As the basis for his motion, Plaintiff, once again, relies on an incorrect interpretation of the applicable rules of procedure. Plaintiff's repeated groundless motions have needlessly taxed the resources of this Court and compounded CLI's cost of defense. For this reason, CLI asks that the court no only deny the motion, but also strongly caution Plaintiff against further vexatious and frivolous motion practice.

## SUMMARY OF FACTS

Plaintiff commenced this action in September 2013, with a motion for leave to proceed in forma pauperis and a proposed complaint. (Dkt. 1.) On October 7, 2013, the Court granted Plaintiff's motion and the clerk filed the Complaint the same day. (Dkt. No. 3, 4.) The Marshall's office served the Summons and Complaint on CLI's parent corporation, Caterpillar Inc., by United States mail on October 16, 2013.[1] Caterpillar's Clayton, North Carolina facility received a copy of the Summons and Complaint on October 18, 2013 and its headquarters office received the complaint on October 21, 2013. (Dkt. No. 39, pp. 6 of 12 through 10 of 12.) Because service was made by mail, pursuant to the North Carolina Rules of Civil Procedure, as permitted by Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1), CLI added three additional days to its response time, as is required under the North Carolina Rules of Civil Procedure. The 24th day following the Marshall's service of the Summons and Complaint was a Saturday, November 9. In addition, the following Monday, November 11, 2013 was Veterans Day, a legal holiday. Consequently, CLI timely filed its Answer on November 12, 2013.

Plaintiff filed an Amended Complaint on November 25, 2013. (Dkt. No. 13.) Defendant timely filed its Answer to the Amended Complaint. (Dkt. No. 28.) Plaintiff proceeded to file three separate motions for default judgment, all on similar grounds, and all of which were denied by this Court on April 10, 2014. (Dkt. 24, 30, 34, 38.) Plaintiff then filed this most recent motion for default, titled Plaintiff's Revised Motion to Enter And Grant Judgment By Default Rule 55 ("Plaintiff's Motion") on April 14, 2014. (Dkt. No. 39, 40.) Plaintiff's Motion alleges that Defendant is in default because it failed to timely file its Answer to Plaintiff's original Complaint. *Id.*

---

[1] Given that the proper defendant in this action was CLI, and not Caterpillar Inc., there is some question whether a default could even be premised on service of the Summons and Complaint on Caterpillar Inc.

## LEGAL AUTHORITY AND ARGUMENT

"It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly." *Panhandle Cleaning & Restoration, Inc. v. Vannest,* No. 5:11cv178, 2012 U.S. Dist. LEXIS 54107, at *4 (N.D. W. Va. Apr. 18, 2012) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom.")) "Default should not be entered under Rule 55(a)" where "a party has shown an intention to actively defend against the suit." *Panhandle Cleaning,* 2012 U.S. Dist. LEXIS 54107, at *6 (internal citations omitted). Rather, a "strong public policy favors resolving disputes on the merits and not by default judgment." *Id.*

### A. Plaintiff's Motion Must Be Denied As Moot

As an initial matter, Plaintiff's Motion must be denied because any challenge based on the original pleading is moot since the filing of the Amended Complaint. A timely filed amended pleading succeeds an original pleading. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect" (internal citations omitted); *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading are to be denied as moot. *See, e.g., Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.,* No. 3:10-cv-418, 2011 U.S. Dist. LEXIS 66084, at *2 (W.D.N.C. June 21, 2011) (*citing Colin v. Marconi Commerce Sys. Emps.' Ret. Plan,* 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); *Turner v. Kight,* 192 F. Supp. 2d 391, 397 (D.

Md. 2002)) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint). This same logic applies where, as here, a plaintiff files a motion for default judgment based on an initial pleading that has since been amended. *See Rowley v. City of N. Myrtle Beach*, No. 4:06-1873, 2009 U.S. Dist. LEXIS 131683, at **7-8 (D.S.C. Mar. 16, 2009) (finding as moot the plaintiff's motion for default judgment based on the defendants failure to timely answer the original complaint because "their default was essentially cured by the filing of an Amended Complaint and their timely Answer to the Amended Complaint.")

Plaintiff's most recent motion for default judgment makes challenges based on the filing of his initial pleading. However, Plaintiff has since filed an Amended Complaint, to which this Court has ruled that CLI timely responded. (Dkt. No. 13.) The Amended Complaint and CLI's Answer to the Amended complaint supersede the original pleadings, and render any attack against them entirely moot. Plaintiff's Motion for Default fails for this reason alone. *See Bryant v. Wash. Mut. Corp.*, No. 6:07cv00015, 2007 U.S. Dist. LEXIS 90968, at **5-6 (W.D. Va. Nov. 5, 2007) (denying plaintiff's motion for default judgment and finding that "any default as to Defendants' response to Plaintiff's original complaint was mooted by the filing of Plaintiff's first amended complaint…")

### B. Defendant's Answer Was Timely

Even assuming Plaintiff could challenge the timing of Defendant's response to the Complaint (which it cannot), Defendant's response was timely. Pursuant to Fed. R. Civ. P. 4(h)(1)(A), a "domestic or foreign corporation…must be served…in the manner prescribed by Rule 4(e)(1) for serving an individual…" Fed. R. Civ. P. 4(e)(1) provides that "an individual…may be served in a judicial district of the United States by: (1) following the state

law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…" Looking to the applicable state law, the North Carolina General Statutes provide for service of the Complaint to a domestic or foreign corporation by "mailing a copy of the summons and of the complaint…" N.C. Gen. Stat. section 4(j)(6)(c). The N.C. Gen. Stat. further provide that, "[w]henever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." N.C. Gen. Stat. section 6(f).

Here, service was made by mail upon CLI on October 16, 2013. (Dkt. No. 10.) Therefore, Defendant had 21 days, plus an additional three days allowed under North Carolina state law when service is made by mail, to serve its response to Plaintiff's Complaint. *See Nwachukwu v. Rooney*, 362 Supp. 2d 183, 189 (D.C. 2005) (finding that, "[b]ecause the plaintiff served his complaint by mail," the three day extension applied to extend the response deadline). Calculating 21 days from October 16, 2013 is November 6, 2013, and adding three additional days extends the response deadline to Saturday, November 9, 2013. Because the following Monday, November 11, 2013 was Veterans Day, a legal holiday, the deadline for Defendant to file its response was November 12, 2013. This is the day that Defendant filed.

In short, Defendant timely filed its Answer to Plaintiff's Complaint, and Plaintiff's fourth motion requesting a default judgment is without merit and must be denied.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's fourth motion for default should be denied as groundless. However, CLI also asks that the Court take action to prevent further groundless

attacks on the pleadings and caution Plaintiff against the needless and vexatious motion practice that has characterized the litigation to date.

This the 8th day of May, 2014.

        By /s/ John T. Murray
           John T. Murray
           Georgia Bar No. 531998
           Email: jmurray@seyfarth.com
           Christina F. Meddin
           Georgia Bar No. 135969
           Email: cmeddin@seyfarth.com
           SEYFARTH SHAW LLP
           1075 Peachtree Street, N.E., Suite 2500
           Atlanta, Georgia 30309-3962
           Telephone: (404) 885-1500
           Facsimile: (404) 892-7056

        By: /s/ John I. Mabe
           John I. Mabe
           N.C. State Bar No. 9355
           Email: jmabe@nexsenpruet.com
           Nexsen Pruet, PLLC
           4141 Parklake Avenue, Suite 200
           Raleigh, North Carolina 27612
           Telephone: (919) 653-7819
           Facsimile: (919) 653-0435

           Local Civil Rule 83.1 Counsel

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY E. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:13-cv-00684-F |
| ) | |
| CATERPILLAR INC. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I certify that on May 8, 2014, I served a true and correct copy of the attached Defendant's Response In Opposition To Plaintiff's Revised Motion To Enter And Grant Judgment By Default Rule 55 via first class U.S. mail, with adequate postage prepaid, addressed as follows:

>Anthony E. White, *pro se Plaintiff*
>103 Rock River Road
>Morrisville, North Carolina  27560

/s/ John I. Mabe
Counsel for Defendant