

**United States District Court**
**Eastern District of North Carolina**
Office of the Clerk
PO Box 25670
Raleigh, North Carolina 27611

Phone (919) 645-1700  
Fax (919) 645-1750

Julie A. Richards  
Clerk of Court

September 2, 2014

Anthony E. White
1460 Distribution Drive, Apt. #8311
Suwanee, GA 30024

RE: <u>White v. Caterpillar, Inc.</u>
   5:13-CV-684-F
   **Notice to Pro Se Party Regarding Response to Motion For Summary Judgment Filed on 9/2/2014 - Docket Entry 57**

Dear Mr. White:

The Defendant has filed a motion for summary judgment with regard to the above-captioned action. Since this motion is supported by affidavits and material other than the pleadings, the court will treat the motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Rule 56(e)(2) provides that where one party files a motion for summary judgment, the other party may not simply rely on the allegations of the complaint or other pleadings, but must respond to the motion with affidavits or other material in such a manner so as to persuade the court that a genuine issue of material fact remains to be determined, and that the case should proceed to trial or evidentiary hearing. Local Civil Rule 7.1(e)(1), EDNC, provides that a response to a motion must be made within twenty-one (21) days of the date of service of the motion or affidavits. If no response is made, the court may grant the motion. **A response in opposition to the motion for summary judgment must be filed on or before 9/26/2014.**

Please be advised that a knowing assertion of a falsehood in order to escape summary judgment, if proven, constitutes perjury punishable by law. All facts, affidavits, or declarations to be considered by the court <u>must</u> be sworn to before a notary or contain the following statement:

"I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

Below is a copy of Rule 56(e) of the Federal Rules of Civil Procedure which details all requirements for an acceptable affidavit. Copies of filings with the court must be furnished to opposing counsel.

**RULE 56(e) AFFIDAVITS; FURTHER TESTIMONY.**

(1) **In General.** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) **Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Sincerely,

JULIE A. RICHARDS, CLERK OF COURT

(By) Babbs Grady
    Deputy Clerk

cc:    Christina F. Meddin
       John I. Mabe, Jr.
       John T. Murray