IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:13-CV-684-F

| | |
|---|---|
| ANTHONY E. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CATERPILLAR LOGISTICS INC., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on Defendant's motion for protective order [DE-50], Plaintiff's revised motion to compel discovery [DE-53], and Defendant's response in opposition [DE-55]. For the reasons set forth below, Defendant's motion for protective order is granted and Plaintiff's motion to compel discovery is denied.

## I. BACKGROUND

On September 30, 2013, Plaintiff Anthony White ("Plaintiff") initiated this action against Defendant Caterpillar Logistics Inc. ("Defendant") by filing a motion for leave to proceed *in forma pauperis* and a proposed complaint alleging Title VII claims for employment discrimination based on race and retaliatory termination. [DE-1-1] at 2-3. On October 7, 2013, the court granted Plaintiff's motion and the clerk filed the complaint. [DE-3,-4]. On December 31, 2013, the court entered an order [DE-22] granting Plaintiff's motion to amend the complaint [DE-13] filed November 25, 2013.

The parties each filed a separate proposed discovery plan on December 13, 2013 [DE-14, -15], and Plaintiff filed an amended proposed discovery plan on December 16, 2013 [DE-16]. Plaintiff proposed a discovery deadline of February 14, 2014, [DE-16] at 2, and Defendant proposed

a discovery deadline of April 30, 2014, [DE-14] at 2. On April 25, the court conducted a telephonic scheduling conference to discuss the proposed discovery plans [DE-43], then issued a scheduling order that same day specifying critical discovery and motion deadlines [DE-44]. Per the court's order, all discovery was to be completed no later than July 31, 2014, and all potentially dispositive motions were to be filed by September 2, 2014. *Id.* at 1.

On July 5, 2014,[1] Plaintiff served "Plaintiff's Request for Interrogatories and Production of Documents from Defendants" ("Pl.'s Discovery Request") on the Defendant by mail. [DE-50, Ex. A] at 9. Plaintiff's discovery request contained 16 interrogatories, some with as many as 19 subparts, and 13 requests for production. Pl.'s Discovery Request at 1-6. Plaintiff's requests for production generally asked for all documents supporting Defendant's interrogatory responses. *Id.*

## II. DISCUSSION

Defendant seeks a protective order excusing Defendant from responding to Plaintiff's interrogatories and requests for production. [DE-50] at 1. Specifically, Defendant argues that the Plaintiff's discovery requests were untimely served and Defendant's responses would be due after the end of the discovery period. [DE-51] at 2. In response, Plaintiff contends that Defendant has known about the discovery request since January 2014, and that Defendant has delayed in responding throughout Plaintiff's case. [DE-53] at 1. As such, Plaintiff asks the court to compel Defendant's response to the discovery requests. *Id.*

The Federal Rules of Civil Procedure provide that a responding party has 30 days to provide a written response after being served with a request for production or an interrogatory. Fed. R. Civ.

---

[1] Plaintiff's Certificate of Service lists the date as July 3, 2014, but the postage receipt on the envelope received by the Defendant shows the date mailed as July 5, 2014. Def.'s Mot., Ex. A [DE-50-1] at 8-9.

2

P. 33(b)(2); 34(b)(2). Pursuant to Rule 6, when service is made by mail, "3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). Local Civil Rule 26.1(b) provides that "[a]ll discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed." Thus, while a discovery request might be filed before the discovery deadline, it may be barred as untimely if it does not allow for a response before the deadline and the court may properly grant a protective order excusing the receiving party's response. *See Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, No. 6:07-CV-1051, 2008 WL 4186989, at *1-2 (M.D. Fla. Sept. 8, 2008) (denying defendant's motion to compel production of documents and noting that the request was untimely because it did not allow time for a response prior to the discovery deadline); *see also Hartz and Co., Inc. v. Prod. Control Info. (PCI) Ltd.*, No. 93-2500, 1995 WL 678484, at *5 (4th Cir. Nov. 15, 1995) (per curiam) (unpublished) (affirming protective order excusing defendants from responding to plaintiff's discovery requests "which exceeded the scope of permissible discovery . . . [and] were a month later than promised" where there was no injury or prejudice to the plaintiff's "discovery activities"); *Jefferson v. Biogen IDEC Inc.*, No. 5:11-CV-00237-F, 2012 WL 1150415, at *1-2 (E.D.N.C. Apr. 5, 2012) (granting protective order excusing defendant from responding to plaintiff's requests for admissions and quashing subpoenas where both were served after the discovery deadline).

Here, the court's scheduling order set the discovery deadline for July 31, 2014. [DE-44] at 1. While Plaintiff may have issued the discovery request within the discovery period, it is untimely since any response would necessarily fall outside the discovery period. *See* Local Civil Rule 26.1(b); *Homes*, 2008 WL 4186989, at *1-2. Although White asserts Defendant has been aware of those requests since January 2014, he fails to explain or support this assertion and provides no reason for

3

the delay in serving the requests where the court provided ample time for discovery. Additionally, it appears that most of the information Plaintiff seeks in his discovery request has already been provided through initial disclosures or will be provided during preparation of the joint pretrial order. Accordingly, there will be little prejudice to Plaintiff's "discovery activities." *Hartz*, 1995 WL 678484, at *5. Even though Plaintiff is *pro se* and is entitled to some leniency, "this does not exempt Plaintiff from adherence to the Court's orders." *Huggins v. N.C. Dep't. Of Admin.*, No. 5:10-CV-00414-FL, 2012 WL 600966, at *5 (E.D.N.C. Jan. 30, 2012). The Supreme Court has stated, "'[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Khan v. Chevrolet*, No. 5:10-CV-33-F, 2010 WL 5477268, at *4 (E.D.N.C. Dec. 30, 2010) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Accordingly, Plaintiff's motion to compel is denied, and Defendant's motion for protective order is granted.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order [DE-50] is GRANTED, and Plaintiff's Revised Motion to Compel [DE-53] is DENIED.

So ordered, the 3 day of September, 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

4

Case 5:13-cv-00684-F   Document 60   Filed 09/03/14   Page 4 of 4